UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER E. WASHINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:08-CV-132 |
| | ) | |
| **EQUIFAX CREDIT BUREAU,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

### I.  INTRODUCTION

Before the Court is Defendant Equifax Information Services LLC's Motion to Set Aside Entry of Default pursuant to Federal Rule of Civil Procedure 55(c),[1] filed June 20, 2008 (Docket # 12), in this case that *pro se* Plaintiff Christopher E. Washington brought under 42 U.S.C. § 1983.[2] (*See* Docket # 1.)  For the reasons given below, the motion to set aside the default (Docket # 12) will be GRANTED.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

This action commenced with Washington filing his *pro se* complaint on May 12, 2008. (Docket # 1.)  On May 30, 2008, Washington filed a return of service with the Court, reflecting that a summons was delivered via certified mail on May 27, 2008, to Equifax.  (Docket # 7.)

---

[1] Subject matter jurisdiction arises under 28 U.S.C. § 1331.  Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1(c).  *See* N.D. Ind. L.R. 72.1(c) (providing, with immaterial exceptions, that "[a] magistrate judge may hear and determine any procedural or discovery motion or other motion or pre-trial matter in a civil or criminal case").

[2] Washington's complaint also mentions the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (*See* Docket # 1.)

Receiving no pleadings from Equifax, Washington filed a Motion for Clerk's Entry of Default on June 13, 2008, and on June 19 the clerk entered a default against Equifax. (Docket ## 8, 9.) The following day, June 20, Equifax filed the present motion to set aside the default. (Docket # 12.)

Equifax explains that service of the complaint was received in its mailroom on May 27, 2008, and pursuant to company procedure, it was sent on to Equifax's Office of Consumer Affairs, who determines whether to direct such matters to outside counsel or handle them internally. (Def.'s Br. 3; Sapere Decl. ¶¶ 3-6.) According to Equifax, its Office of Consumer Affairs received service of the complaint and decided that the matter should be forwarded on to counsel. (Def.'s Br. 3; Sapere Decl. ¶ 8.) However, a member of the Consumer Affairs staff mistakenly believed that the notice of service had already been passed on to outside counsel, and thus did not send it. (Def.'s Br. 3; Sapere Decl. ¶ 8.) Equifax became aware of this oversight on June 19, 2008 (the same day the default was entered), when it noticed the clerk's entry of default while conducting a routine review of the federal docket for pending litigation. (Def.'s Br. 3; Perling Decl. ¶ 3.) Counsel for Equifax then acted the very next day, June 20, by filing a notice of appearance, a corporate disclosure statement, its motion to set aside the entry of default, and its answer. (Def. Br. 3; Perling Decl. ¶¶ 3, 4; *see also* Docket ## 10-13.)

On June 20, 2008, Washington filed a motion to proceed with entry of default, which he followed with a response in opposition to Equifax's motion on June 25, 2008. (Docket ## 14, 15.) In his motion, he requests that the court proceed with default because of Equifax's untimeliness. (Docket # 14.) In his response, Washington conclusorily argues that the Equifax's motion should be denied because Equifax was properly served, his claims are viable, and he has proof supporting his allegations that Equifax violated the FCRA. (Docket # 15.) Equifax has

2

since replied on June 30 (Docket # 16), and the matter is now ripe for consideration.

### III.  APPLICABLE LEGAL STANDARD

Because no judgment has been entered, the Court must consider Equifax's motion to set aside the default in accordance with Federal Rule of Civil Procedure 55(c).  To succeed in obtaining the vacation of a default entry under Rule 55(c), it must demonstrate: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 809-10 (7th Cir. 2007); *see also Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)); *Breuer Elec. Mfg. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).  "The test is the same for relief under either Rule 55(c) or Rule 60(b), but is more liberally applied in the Rule 55(c) context."  *DiMucci*, 879 F.2d at 1495.  "Whether or not to vacate a default is in the sound discretion of the district court . . . ."  *Sun*, 473 F.3d at 810.

### IV.  DISCUSSION

Equifax invokes Federal Rule of Civil Procedure 55(c), arguing that good cause exists to set aside the entry of default.  It further submits that it took quick action to correct its error and that it has meritorious defenses to Washington's complaint.  We find Equifax's arguments persuasive, and address each in turn.

*A.  Good Cause Exists to Set Aside the Entry of Default.*

Equifax first maintains that there is good cause for vacating the entry of default because enforcing it would amount to a sanction against Equifax disproportionate to any harm that its minor delay may have caused.  It contends that Washington suffered no prejudice from the four

day delay in pleading: he incurred no damages, no evidence has been lost, and his ability to prosecute the case has not been impacted.  Moreover, Equifax contends that it has asserted a reasonable explanation for the default that does not evince willfulness – *i.e.*, that its employee mistakenly believed that the notice of service was already provided to counsel.

Federal Rule of Civil Procedure 55(c) allows defaults to be set aside for "good cause."  Fed. R. Civ. P. 55(c).  Rule 55(c) demands "good cause" for the judicial action itself, not for the defendant's error, and in this rule's context it is not a synonym for "excusable neglect."  *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007); *Christiansen v. Adams*, No. 04-0561-DRH, 2008 WL 2511241, at *2 (S.D. Ill. June 20, 2008); *Armfield v. Key Plastics, LLC*, 1:08 CV 110, 2008 WL 2397684, at *1(N.D. Ind. June  9, 2008).  "Damages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case."  *Id*. (emphasis in original); *accord Hamilton v. Ill. Cent. R.R. Co.*, No. 07-0383-DRH, 2008 WL 78784, at *4 (S.D. Ill. Jan. 7, 2008); *Westerfield v. Quiznos Franchise Co., LLC*, No. 06-C-1210, 2007 WL 543449, at *3 (E.D. Wis. Feb. 16, 2007).

This is an instance when the sanction of imposing a default upon Equifax would be disproportionate to the minimal prejudice (if any) to Washington.  Equifax's answer was due on June 16, and Equifax quickly remedied the situation *just four days after the deadline* for its answer (and immediately upon discovering the clerical error, *one day* following the entry of default).  This delay is so insubstantial that it is highly unlikely that Washington's case has suffered or will suffer any harm, nor has Washington argued any injury as a result of the slight delay.  To allow the default to stand could lead to a default judgment against Equifax, a hefty sanction for such an inconsequential clerical misstep.

4

Moreover, the Seventh Circuit Court of Appeals "has a well established policy favoring a trial on the merits over a default judgment," and thus defaults should only be employed in extreme situations, or when less drastic sanctions have proven unavailing, or when a party wilfully disregards the litigation. *Sun*, 473 F.3d at 811 (citations omitted). None of these circumstances are present in this instance. Filing the answer four days late and immediately upon learning of the pending litigation by no means constitutes an extreme circumstance, and this is not a situation where the defendant was forewarned of the possible sanction and still remained unresponsive. And there is no allegation of willfulness here, as Equifax explained that the clerical staff person mistakenly believed that the notice had previously been forwarded to counsel. "[I]n general, in the absence of a showing of wilfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment." *Hamilton*, 2008 WL 78784, at *4 (collecting cases); *accord Christiansen*, 2008 WL 2511241, at *2. In sum, because entering a default in this case would be an excessive sanction for Equifax's harmless administrative oversight, there is good cause for vacating the entry of default.

   *B. Equifax Took Quick Action to Correct Its Error and Presents Meritorious Defenses to Washington's Complaint.*

Having established that the good cause requirement has been met, we now explore the other two and find that each is clearly satisfied as well.

To begin, Equifax apparently acted swiftly and diligently in remedying the default. In fact, Equifax immediately filed its answer and its motion to set aside the entry of default upon discovering its error – *one day after the default was entered*. Moreover, the delay amounted to only four days past the answer's deadline, which is relatively insignificant and, as discussed *supra*, did not prejudice Washington. Therefore, Equifax's action has fulfilled the second factor

5

in favor of setting aside the entry of default.

Equifax has also set forth plausible meritorious defenses, including that Washington failed to state a claim upon which relief could be granted with respect to his civil rights claim, that Equifax is not the entity that caused Washington's damages (if any), that Equifax is not the proper party because it neither owns nor maintains his credit file, and that his complaint is subject to dismissal under Rule 12(c) for failing to state facts sufficient to support a claim for relief under the FCRA.  In support of these defenses, Equifax points to the lack of factual allegations in Washington's complaint and submits the affidavit of Tina Sapere, Consumer Research Analyst for Equifax.  Sapere affirms that Washington never had contact with Equifax prior to filing this suit and that Equifax does not own or maintain Washington's credit file, and she names the consumer reporting agency that does.  (Def.'s Br. 5-6; Sapere Decl. ¶¶ 12-14.)  Although Washington may contend otherwise (*see* Docket # 15), at this stage, Equifax "need not make out a winning case, but rather, only one supported by a developed legal and factual basis."  *Bluegrass Marine Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356, 359 (S.D. Ill. 2002); *see also Hamilton*, 2008 WL 78784, at *5 (citing *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994)).  Thus, we find that Equifax has presented meritorious defenses, fulfilling the final requirement to set aside an entry of default.

## V.  CONCLUSION

For the foregoing reasons, Defendant Equifax has satisfied the test for setting aside a default.  Accordingly, its motion (Docket # 12) is GRANTED, and Washington's Motion to

Proceed With the Entry of Default (Docket # 14) is DENIED.  It is ORDERED that the entry of default (Docket # 9) against Equifax be set aside.

      Enter for this 2nd day of July, 2008.

                                              /S/ Roger B. Cosbey
                                              Roger B. Cosbey,
                                              United States Magistrate Judge