**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 1:08-CV-132 PPS ) |
| EQUIFAX CREDIT BUREAU, | ) ) ) |
| Defendant. | ) ) ) ) ) |

## OPINION AND ORDER

This matter is before the Court on Defendant Equifax's Motion for Judgment on the Pleadings. [DE 21] On May 12, 2008, Christopher Washington, a *pro se* plaintiff filed a form complaint against Equifax under 42 U.S.C. § 1983 stating only the following:

> I'm filling [sic] a lawsuit against Equifax for not complying with the Fair Credit Report Act, and also for emotional distress and suffering, and being told they give a fuck about me or my situation, violating my civil rights. This all taken place in July 20th of 2007.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed a complaint and an answer. In considering such a motion, a court applies the same legal standards that apply to motions to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003). A motion under Rule 12(c) is not granted "unless it appears beyond a doubt that the non-moving party cannot prove any facts that would support his claim for relief." *Id.* (citations and alterations omitted). When ruling on a motion for judgment on the pleadings, the Court must

"accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

The pleading standards were retooled last year by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson,* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

Even under the liberal pleading standards generally afforded to *pro se* plaintiffs, Washington does not come close to stating a claim for relief. He alleges that the events giving rise to his claim took place on July 20, 2007. However, he gives no indication of what occurred on that date or what Equifax did. He simply states that he is entitled to relief. This is precisely

the type of conclusory pleading prohibited under *Twombley*. Since Washington is a *pro se* plaintiff, I am inclined to give him a chance to replead his claim against Equifax. But if he wishes to proceed with this action, he must provide some factual basis for his claim sufficient put Equifax on notice as to his grounds for relief.

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings [DE 21] is **DENIED**. Plaintiff's Motion to Proceed [DE 23] is also **DENIED AS MOOT**. Plaintiff is **ORDERED** to file an amended complaint consistent with this ruling **no later than September 2, 2008**. Failure to comply with this Order will result in dismissal of this action without further notice.

**SO ORDERED.**

ENTERED: August 13, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
