UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 1:08-CV-132 PPS |
| vs. | ) | |
| | ) | |
| EQUIFAX CREDIT BUREAU, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Christopher Washington, a *pro se* plaintiff, filed a complaint alleging that Equifax Credit Bureau violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, by disseminating personal and credit information about Washington that was "false, erroneous and misleading." (DE 25 at ¶ 20.) This particular claim appears to be brought under § 1681e(b) of the FCRA. Washington also alleges Equifax violated the FCRA because it "failed to employ reasonable procedures" to investigate the accuracy of Washington's information after receiving timely notice that such information was false, erroneous and/or misleading. (*Id*. at ¶ 21.) Read liberally, this appears to be a claim under § 1681i(a) of the FCRA. Equifax has filed a motion for summary judgment supported by evidence demonstrating that its actions complied with the FRCA. Washington's one page response simply says that Equifax "failed to comply" with the FCRA. Washington then lists four witnesses who would support his side of the story but without telling me what those witnesses might have to say.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.,* 42 F.3d 439, 443 (7th Cir.1994). The nonmoving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby,* 447 U.S. 242, 252 (1986). Under Rule 56(e), the nonmoving party must allege these specific facts showing a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories and admissions on file. *Celotex Corp.*, 477 U.S. at 324.

Our local rules sets forth specific requirements for both the party moving for summary judgment as well as for the non-moving party. In particular, Local Rule 56.1 directs the moving party to file a "Statement of Material Facts" as to which "the moving party contends there is no genuine issue." N.D. Ind. L.R. 56.1(a). The party opposing a summary judgment motion then must respond to each of the purported undisputed facts with a "Statement of Genuine Issues" setting forth "all material facts as to which it is contended there exists a genuine issue necessary to be litigated." *Id.* The Local Rule specifically states that "the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion[.]" N.D. Ind. L.R. 56.1(b); *see also Thiele v. Norfolk & Western Ry. Co.*, 873 F. Supp. 1240, 1243 (N.D. Ind. 1994).

Here, Equifax adequately demonstrated in its summary judgment motion that Washington lacked evidence to support his claims. First, Washington has not alleged, and there is no evidence to demonstrate, that his credit report is even inaccurate. That is the starting point for establishing a violation of § 1681e(b) of the FCRA. *Henson v. CSC Credit Services, Inc.*, 29

F.3d 280, 284 (7th Cir. 1994). The same is true for claims under § 1681i(a) of the FCRA. *Kuehling v. Trans Union, LLC*, 137 Fed. Appx. 904, 908 (7th Cir. 2005); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607-08 (7th Cir. 2005). In addition, even if Washington's credit report is inaccurate, it doesn't mean Equifax is automatically liable. If a credit reporting agency follows reasonable procedures to ensure the accuracy of the reports it generates, then it may avoid liability under the FCRA. *Henson*, 29 F.3d at 284. Equifax submits an affidavit declaring that Equifax maintained reasonable procedures and, in fact, Equifax did not receive any notice of inaccuracies in Washington's credit file. Without evidence from Washington rebutting these claims, I must accept them as true, and doing so undermines any chance that Washington may have had in prevailing.

Finally, Equifax also cites to Washington's deposition testimony and his failure to respond to requests for admissions to show that Washington cannot prove – as he must – that he has suffered any damages. *See Crabill v. Trans Union LLC*, 259 F.3d 662, 664 (7th Cir. 2001). Because Equifax met its obligation under Fed. R. Civ. P. 56, the burden fell upon Washington to come forth with evidence, if viewed as fully in his favor as reasonable, that would allow a factfinder to find that Equifax failed to comply with the FRCA regarding Washington's personal and credit information. *Anderson*, 477 U.S. at 252.

Although Equifax properly warned Washington pursuant to *Kincaid v. Vail,* 969 F.2d 594 (7th Cir. 1992), *Timms v. Frank,* 953 F.2d 281 (7th Cir.1992) *cert. denied,* 504 U.S. 957, 112 S.Ct. 2307, 119 L.Ed.2d 228 (1992), and *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982) of the consequences of not submitting facts opposing their motion (DE 47), Washington's response fell short. As mentioned above, Washington merely requests that the motion be denied, while presenting a list of witnesses for trial. This is not enough to meet his burden under Rule 56.

Because Washington's response fails to provide any admissible evidence supporting his claims, his action cannot proceed as a matter of law.

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment (DE 48).

**SO ORDERED**.

Entered: November 6, 2009

                                                s/ Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT